Filed 9/25/20  P. v. Butler CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>L.C. LEWIS BUTLER,<br><br>    Defendant and Appellant. | B303945<br><br>(Los Angeles County<br> Super. Ct. No. GA090523) |

APPEAL from an order of the Superior Court for Los Angeles County, Teri Schwartz, Judge.  Affirmed.

Law Offices of John F. Schuck and John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant L.C. Lewis Butler appeals from an order granting his motion to recalculate his custody credits and correcting the abstract of judgment.  His appointed counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436; defendant subsequently filed a supplemental brief that raised issues that are not cognizable in this appeal.  We have reviewed the record of the proceedings at issue and affirm the judgment.

## BACKGROUND

This is the fourth appeal in this case.  We need not set out in detail the entire history of the case for purposes of this appeal.  Suffice to say that defendant was convicted on one count of first degree burglary (Pen. Code,[1] § 459) and one count of evading an officer (Veh. Code, § 2800.2, subd. (a)), and was sentenced to a total of 35 years to life in state prison:  25 years to life on the burglary count under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), plus 10 years for two five-year priors (§ 667, subd. (a)(1)).  (*People v. Butler* (June 30, 2020, B299402) [unpub. opn.] (*Butler III*), at p. 2.)  We affirmed the conviction in defendant's first appeal, but remanded for further proceedings on the prior conviction allegations.  (*People v. Butler* (Sept. 1, 2016, B262334) [unpub. opn.] (*Butler I*).)

Defendant filed his second appeal at the conclusion of those proceedings.  We rejected his challenges in that appeal, but remanded to allow the trial court to exercise its discretion whether to strike the

---

[1]     Further undesignated statutory references are to the Penal Code.

section 667, subdivision (a) prior conviction enhancements in light of the enactment of Senate Bill No. 1393 (2017-2018 Reg. Sess.). (*People v. Butler* (Feb. 27, 2019, B286404) [unpub. opn.] (*Butler II*).) On remand, the court exercised that discretion, struck the section 667 enhancements, and resentenced defendant to a total term of 25 years to life. However, the court did not calculate defendant's total credits, directing the Department of Corrections to calculate his custody credits. (*Butler III*, *supra*, B299402, at p. 3.)

Defendant filed his third appeal from the judgment, but while that appeal was pending, his appointed appellate counsel filed a motion to recalculate custody credits, which the court granted. (*Butler III*, *supra*, B299402, at p. 3.) Appellate counsel then filed an opening brief under *People v. Wende*, *supra*, 25 Cal.3d 436, and we affirmed the judgment. (*Butler III*, *supra*, B299402, at p. 4.)

In the meantime, defendant filed the present appeal from the trial court's order granting his motion to recalculate his custody credits and amending the abstract of judgment to reflect the recalculation.

## DISCUSSION

Defendant's appointed counsel on appeal filed an opening brief under *People v. Wende*, *supra*, 25 Cal.3d 436, asking this court to review the record to determine whether any arguable issues exist. We notified defendant that he had 30 days to file a supplemental brief raising any contentions or arguments he wished this court to consider. Defendant has filed a supplemental brief, but the only issues he raises concern the

3

trials on the current offenses and prior convictions. None of those issues is cognizable in this appeal from the granting of defendant's motion to recalculate his custody credits.

We have examined the entire record and are satisfied that no arguable issues exist and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment. (*Smith v. Robbins* (2000) 528 U.S. 259, 278.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

COLLINS, J.

CURREY J.